1

2                              NOT FOR PUBLICATION

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                          FOR THE DISTRICT OF ARIZONA

8

9    Charlotte Evyonne Wells,                    No.   CV 14-02048-PHX-JJT (BSB)

10                          Petitioner,

11   vs.                                          **ORDER**

12   Charles L. Ryan, *et al.*,

13                          Respondents.

14

15        At issue is the Report and Recommendation ("R&R") (Doc. 23) submitted by

16   United States Magistrate Judge Bridget Bade recommending that the Court deny the

17   Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. Section 2254 (Doc. 1), to which

18   Petitioner Charlotte Evyonne Wells has filed an Objection (Doc. 24). Also at issue are the

19   two Motions for Status (Docs. 25 and 26) filed by Petitioner.

20        In the 35-page R&R, Judge Bade thoroughly analyzed and addressed the many

21   grounds for relief Petitioner had raised in her Petition, and provided ample support for

22   her recommendation that this Court deny and dismiss the Petition. Because the Court will

23   adopt the R&R in its entirely, including Judge Bade's underlying reasoning, it will

24   recount only in summary form the reasoning for the recommendation and this Court's

25   conclusions.

26        The R&R demonstrates, despite Respondents' arguments to the contrary, that the

27   Petition was timely under the limitations period set forth in 28 U.S.C. Section 2244(d)(1),

28   once the statutory tolling was properly applied to account for the time that Petitioner's

application for state post-conviction review was pending. However, Judge Bade's analysis also demonstrated that 10 of the 15 discreet grounds for relief that Petitioner raised in her Petition are procedurally barred, either because Petitioner failed to present her federal claims to the Arizona court, and returning there now would be futile because the claims are now waived, or because Petitioner did raise the claims in state court, which found them barred on state procedural grounds at the time.

The R&R concluded, and recommended, that five of Petitioner's grounds were not procedurally barred, including a group of four related assertions of ineffective assistance of counsel at the plea negotiation stage, and a claim that the search of Petitioner's car violated her Fourth Amendment Rights. Judge Bade recommended that Petitioner's Fourth Amendment ground is beyond *habeas* review pursuant to *Moorman v. Schriro*, 426 F.3d 1044, 1053 (9th Cir. 2005), because it was fully litigated in state court. This is correct. The record demonstrates full and fair litigation of the search issue both in the pre-trial motion and hearing phase, and again on direct review.

Judge Bade also recommended that Petitioner is not entitled to relief on her remaining claims that urge ineffective assistance of trial counsel during the plea negotiation phase. She so recommends because Petitioner has failed to show that the state court's resolution of those claims was based on an unreasonable determination of facts, or that such resolution was either contrary to or an unreasonable application of controlling Supreme Court precedent. This recommendation is again correct. The record upon *habeas* review provides ample support to meet this deferential standard.

Petitioner's objections to the above recommendations are convoluted and hard to follow. To the extent the Court can understand them, Petitioner focuses on arguments that are no longer at issue, including points on which the Court agrees with her position. For example, Petitioner devotes nearly a third of her Objection to the argument that her Petition should be deemed timely filed, and that any lateness was due to her receiving poor advice from a prison paralegal. (Doc. 24 at pp. 4–21) But Judge Bade recommended, and this Court agrees, that the Petition was timely filed after exclusions

for statutory tolling. This point is therefore moot. Petitioner also dedicates much prose to making arguments on the merits that there was a lack of proof of her guilt, and other points that likewise do not go to the issues before this Court in the context of a petition for habeas review.[1] In short, Petitioner fails to specifically address or dispute with legal argument or the application of the correct standard any of Judge Bade's recommendations or conclusions. Instead, the Objections appear to simply restate factual arguments Petitioner has previously made

After a thorough review of the 48-page Objection by Petitioner, this Court finds no arguments actually challenging the legal conclusions or findings supporting the recommendation to deny the Petition for writ. While Petitioner repeats her version of her conversations with trial counsel, Mr. Biller, that is beside the point. The state trial judge has already made a determination of credibility and findings based on that determination, which, for the reasons Judge Bade has set forth in detail in the R&R, this Court will not disturb under law.

Additionally, Petitioner substitutes in lieu of factual assertions or legal argument her repeated contention that she "believes" that the courts would find in her favor on these matters. This Court does not doubt Petitioner's belief. But that is not the standard. Petitioner must address the relevant standards applicable to the review of her claims upon *habeas* review rather than her beliefs or conclusory statements that she should prevail without any relevant factual or legal argument.

**IT IS ORDERED:**

1)      adopting in whole the Report and Recommendation submitted by Judge Bade in this matter (Doc. 23);

2)      denying the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. Section 2254 (Doc. 1) and dismissing the matter;

---

[1] Again by way of example, Petitioner argues that there was no proof presented that she was ever present for any drug sale, and that she never would have advised the police that the drugs found in her vehicle belonged to her daughter. (Doc 24 at p. 3).

1         3)     denying a certificate of appealability and leave to proceed *in forma*

2 *pauperis* on appeal, because the Court finds that dismissal of the Petition is justified by a

3 plain procedural bar, and reasonable jurists would not find the ruling debatable;

4         4)     denying as moot Petitioner's Motions for Status (Docs. 25 and 26).

5         Dated this 27th day of January, 2016.

Honorable John J. Tuchi
United States District Judge

- 4 -